**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Jessica Barbara Morris, ) | |
| ) | |
| ) | Civil Action No.: 9:19-cv-01378-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| Andrew M. Saul, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on May 21, 2020. (ECF No. 15.) The Report addresses Plaintiff Jessica Barbara Morris' ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). (*Id.* at 1.) The Report recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 31.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the decision of the Commissioner.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-12.) As brief background, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB. (ECF No. 9-2 at 26.) Although the ALJ found Plaintiff had the severe impairments of major depressive disorder with anxiety, degenerative joint disease in both knees, carpal tunnel syndrome, rheumatoid arthritis, fibromyalgia, Sjorgren's syndrome, diabetes mellitus, cervical degenerative disc disease with radiculopathy, lumbar degenerative disc

1

disease, obesity, and irritable bowel syndrome (*Id.* at 18), the ALJ nonetheless concluded Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with additional restrictions (*Id.* at 20). In doing so, the ALJ assigned partial weight to treating specialist Dr. Robert Boyd (*Id.* at 23) and treating physician Dr. Conigliaro Jones (*Id.* at 24). The ALJ further found Plaintiff could complete past relevant work as an accounting clerk. (*Id.* at 25.)

Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on May 10, 2019. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report finding the ALJ's decision was supported by substantial evidence and suggesting this case be affirmed. (ECF No. 15 at 31.) Specifically, the Magistrate Judge found the ALJ properly formulated the RFC by adequately explaining "the medical and nonmedical evidence leading to his conclusion that Plaintiff" could perform sedentary work. (*Id.* at 15.) The Magistrate Judge further reasoned that opinion evidence was properly weighed, as Dr. Boyd's opinions were not adequately supported by the record (*Id.* at 21) and Dr. Jones' opinions conflicted with the overall record (*Id.* at 22-24). Lastly, the Magistrate Judge observed the ALJ satisfied the pertinent requirements when finding Plaintiff could perform past relevant work. (*Id.* at 25-31.)

On May 21, 2020, the parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 32.) Plaintiff thereafter offered a host of timely objections to the Report,

2

including allegations that the ALJ improperly assessed opinion evidence, formulated the RFC, and found Plaintiff could perform past relevant work. (ECF No. 16.) In response to Plaintiff's objections, the Commissioner asks the court to adopt the Report because the ALJ's decisions were supported by substantial evidence. (ECF No. 17.) The Commissioner further notes that many of Plaintiff's objections simply rehash prior arguments considered by the Magistrate Judge. (*Id.*)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final

3

decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff contends the Report (1) "fail[ed] to address the special conditions or subsidized work" arguments; (2) did not address the correct relevant time period; (3) skipped a "function-by-function evaluation of past relevant work"; (4) improperly weighed opinion evidence; (5) erroneously upheld an improper RFC; (6) essentially rationalized *post hoc* the ALJ's review of "intermittent capacity"; (7) misapplied the treating physician rule; and (8) misinterpreted the substantial evidence standard. (ECF No. 16 at 1.) The Commissioner counters that many of Plaintiff's objections are simply rehashed arguments previously considered and addressed by the Magistrate Judge. (ECF No. 17 at 1.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing

more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

As an initial matter, Plaintiff's objection that the Magistrate Judge did not address the correct relevant time period is without merit. (ECF No. 16 at 6.) The ALJ properly determined Plaintiff's RFC during the relevant period, examined Plaintiff's work experience prior to her alleged disability onset date, and then found she could perform past relevant work. (ECF No. 9-2 at 20, 25-26.) The Magistrate Judge thereafter properly reviewed and analyzed the ALJ's reasoning. (ECF No. 15 at 12-31.)

Here, the court concludes Plaintiff's remaining objections restate arguments that are adequately addressed by the Report.[1] (*See* ECF No. 15 at 14-31.) Moreover, Plaintiff's objections substantively mirror the arguments raised in her prior briefing, including "failing to address the special conditions or subsidized work" arguments[2] (*compare* ECF Nos. 11 at 7-10; 13 at 2-7 *with* ECF No. 16 at 3-6); omitting a "function-by-function evaluation of past relevant work" (*compare*

---

[1] The court has reviewed the whole record, including Plaintiff's brief (ECF No. 11), Plaintiff's objections (ECF No. 16), and the Report (ECF No. 15).

[2] Plaintiff's claim that the ALJ and Magistrate Judge "ignored . . . [P]laintiff's subsidized earnings argument, and just assumed that the amount of pay decided the case" is without merit. (ECF No. 16 at 6.) Rather than ignoring the claim, both the ALJ and Magistrate Judge addressed the argument and found it to be inconsequential. (ECF Nos. 9-2 at 26; 15 at 28-29.) *See Christy S. o/b/o A.S.*, 2019 WL 4306978, at *1 (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

ECF Nos. 11 at 10-11; 13 at 13-15 *with* ECF No. 16 at 7-10); improperly weighing opinion evidence (*compare* ECF Nos. 11 at 11-16; 13 at 8-11 *with* ECF No. 16 at 10-11); erroneously upholding an improper RFC (*compare* ECF Nos. 11 at 18-22; 13 at 7-8 *with* ECF No. 16 at 11-13); essentially rationalizing *post hoc* the ALJ's review of "intermittent incapacity" (*compare* ECF Nos. 11 at 16-18; 13 at 11-13 *with* ECF No. 16 at 13-14); misapplying the treating physician rule (*compare* ECF Nos. 11 at 11-16; 13 at 8-11 *with* ECF No. 16 at 10-11, 16-19); and misinterpreting the substantial evidence standard (*compare* ECF No. 13 at 1 *with* ECF No. 16 at 19). Indeed, Plaintiff's objections explicitly refer to substantially similar arguments made in her prior briefing at least three times. (ECF No. 16 at 3, 7, 13.)

A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear Plaintiff's reused arguments. *Orpiano*, 687 F.2d at 47. The court finds the Report adequately addresses Plaintiff's objections, is well-reasoned, and properly analyzes the rehashed issues from Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein. Plaintiff's objections are overruled.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 15) and incorporates it herein. Therefore, the court **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

                                                                         *J. Michelle Childs*
                                                                         United States District Judge

September 3, 2020
Columbia, South Carolina